**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANDRA JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 278 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| CHICAGO HOUSING AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before us is Defendant's motion to dismiss or, in the alternative, motion for a more definite statement. For the reasons stated below, we deny the motion.

**BACKGROUND**

Plaintiff Sandra Jackson, an African-American woman, initially filed a complaint against the Chicago Housing Authority ("CHA") alleging housing discrimination. On January 23, 2008, we issued a minute order stating that "she will have to provide more specific allegations going forward in order to survive much further in this litigation." (1/23/08 Min. Order.) Plaintiff then filed an amended complaint on April 3, 2008. Defendant filed the instant motion, addressed below.

In its motion to dismiss, the CHA contends that it has provided housing to Jackson and, therefore, the discrimination complaint is moot and subject to dismissal pursuant to Federal Rule of Procedure 12(b)(6). Alternatively, the CHA claims that Jackson's complaint "fails to state the basis of the discrimination and fails to state with sufficient specificity what discriminatory acts [the CHA] performed," (Mot. ¶ 4) and therefore moves for a more definite statement pursuant to Rule 12(e). In response, Jackson acknowledges that she received housing. She alleges,

however, that the discrimination continues because the CHA is attempting to intimidate her by purposely placing her across from the apartment of a man who previously sexually assaulted her. (8/26/08 Stmt.)

## ANALYSIS

### I. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964-65; *Killingsworth*, 507 F.3d at 618-19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

The CHA claims that Jackson's "cause of action is now moot because she has been offered and has accepted housing." (Mot. ¶ 3.) Jackson, however, alleges that the CHA provided housing across the hall from her to a man who previously sexually assaulted her. Jackson further alleges that this "was purposely done to intimidate [her]." (8/26/08 Stmt.)

Jackson's claim of housing discrimination can arise under both the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, and under the Civil Rights Act of 1866, 42 U.S.C. § 1982. As we observed in a prior ruling, these claims are independent and concurrent, and § 1982 claims are neither enhanced, nor limited, by the FHA. *Village of Bellwood v. Gorey & Assoc.*, 664 F. Supp. 320, 328 (N.D. Ill. 1987). Often the requirements necessary to establish a prima facie case for pre-acquisition discrimination under § 1982 are the same as under the FHA. *See id.* (citing *McHaney v. Spears*, 526 F. Supp. 566, 574 (W.D. Tenn. 1981)). Because Jackson's case deals with the issue of post-acquisition discrimination, and not just discrimination in the sale or lease of property, we will address the claim under the FHA and § 1982 separately.

## A. Fair Housing Act

The FHA forbids both the denial of sale or rental of housing based on "race, color, religion, sex, familial status, . . . national origin," or disability, as well as "discriminat[ion] . . . in the terms, conditions, or privileges [of such sale or rental] . . . or in the provision of services or facilities in connection therewith" on the same bases. 42 U.S.C. § 3604(a)-(b), (f). It also prohibits anyone from "coerc[ing], intimidat[ing], threaten[ing], or interfer[ing] with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604." 42 U.S.C. § 3617. Although the language of the statute suggests that the intimidating or threatening behavior must occur prior to the rental or sale of the property to be unlawful, a Housing and Urban Development regulation interpreting § 3617 has defined offensive conduct to include "[t]hreatening, intimidating or interfering with persons in their enjoyment of a dwelling." 24 C.F.R. § 100.400(c)(2). In *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, the Seventh Circuit addressed this apparent inconsistency and held that the regulation is controlling, and that interference with enjoyment of

a dwelling post-acquisition is forbidden. 388 F.3d 327, 330 (7th Cir. 2004). Jackson alleges that the CHA attempted to intimidate her after she moved in by placing a man who had previously sexually assaulted her across the hall from her residence. If proven, this allegation would be related to the enjoyment of her dwelling, and is prohibited if it were done on the basis of any of the categories listed in § 3604. Accordingly, the fact that the CHA provided housing does not moot her claim under the FHA, and therefore the motion to dismiss the FHA claim is denied.

**B. 42 U.S.C. § 1982**

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. According to the Supreme Court, "[a] narrow construction of the language of § 1982 would be quite inconsistent with the broad and sweeping nature of the protection meant to be afforded by [the Civil Rights Act]." *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 237, 90 S. Ct. 400, 404 (1969). It is clear that § 1982 is broad enough to include post-acquisition discrimination. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 430, 88 S. Ct. 2186, 2198 (1968) (finding that the purpose of § 1982 included securing for African-Americans "the privilege to go and come [from and to their property] when they please"). Any intimidation of Jackson after she moved in, based on her race, could interfere with her ability to use her property as she sees fit. We therefore find that Jackson has stated a plausible claim under § 1982 for such ongoing intimidation.

## II. Motion for More Definite Statement

Under the Federal Rules of Civil Procedure, pleadings are intended to put a defendant on notice of the basic nature of a plaintiff's case, leaving details of fact and law to other documents. *Bartholet v. Reihauser*, 953 F.2d 1073, 1078 (7th Cir. 1992); *Abdoh v. City of Chi.*, 930 F. Supp. 311, 313 (N.D. Ill. 1996). Rule 8(a)(2) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief. Motions for a more definite statement are generally disfavored, and are usually granted only when the pleading is so unintelligible that the movant cannot draft a response. *United States for the Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987); *Brock v. Local 512, Transp. Workers Union of Am.*, No. 85-5848, 1985 WL 2907, at *1 (N.D. Ill. Sept. 27, 1985). In addition, because of Jackson's *pro se* status, we are under a special obligation to construe her complaint liberally. *Erickson v. Pardus*, --- U.S. ----, ----, 127 S. Ct. 2197, 2200.

It is clear from the complaint that Jackson is alleging claims of housing discrimination. While Jackson has not explicitly alleged the basis of the CHA's discrimination, the complaint indicates that she is a woman, a member of a racial minority, and disabled. (Am. Compl.) As discussed above, discrimination on the basis of any of these characteristics would be unlawful under the FHA, 42 U.S.C. § 3604(b), (f), and discrimination on the basis of Jackson's race would be unlawful under the Civil Rights Act, 42 U.S.C. § 1982. As we said in *Argyle Cut Stone*, "[w]hile we do not want to make it impossible for the defendant to respond to the complaint, we also do not want to conduct discovery via the pleading stage." 664 F. Supp. at 303. The CHA has shown itself capable of responding to the complaint in its reply brief, which ably construed Jackson's complaint to allege violations under the FHA and the Civil Rights Act. (Reply ¶ 1.)

## CONCLUSION

For the reasons set forth above, we deny the CHA's motion to dismiss or for a more definite statement. It is so ordered.

Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: October 7, 2008